NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

July 16, 2021

Ryder T. Ulon, Esq.
Thomas N. Gamarello, Esq.
Schenck, Price, Smith & King, LLP
220 Park Avenue, P.O. Box 991
Florham Park, NJ 07932
*Attorneys for Plaintiff*

David S. Catuogno, Esq.
Thomas A. Zelante, Jr., Esq.
K&L Gates LLP
One Newark Center, 10th Floor
Newark, NJ 07102
*Attorneys for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   *Cushman & Wakefield of New Jersey, LLC v. Wyndham Destinations, Inc.*,
        Civil Action No. 21-6237 (SDW) (LDW)

Counsel:

Before this Court is Defendant Wyndham Destinations, Inc.'s ("Defendant")[1] Motion to Partially Dismiss Plaintiff Cushman & Wakefield of New Jersey, LLC's ("Plaintiff") Complaint (D.E. 1-1) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1441(a), respectively. This opinion is issued without oral argument pursuant to Rule 78. For the reasons discussed below, Defendant's motion is **GRANTED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that the parties entered into a Listing Agreement for Sublease (Compl. at Ex. A (the "Listing Agreement")) on October 1, 2018. (Compl. ¶ 5.) The Listing Agreement granted Plaintiff the exclusive right to list for sublease certain premises ("Premises") leased by

---

[1] Wyndham Destinations, Inc. is now known as Travel + Leisure Co. (*See* D.E. 1 at 1 n.1; D.E. 5 at 1.)

Defendant in Parsippany, New Jersey. (*See id.*) In return, Defendant agreed to refer all inquiries and offers for the Premises to Plaintiff and pay commissions to Plaintiff for each sublease. (*Id.* ¶ 6; *see* Listing Agreement §§ 4, 5.) The Listing Agreement also contained a provision that allowed Defendant to avoid paying commissions if Defendant subleased the Premises to its former affiliate, non-party Wyndham Hotel Group LLC ("WHG"), provided that the sublease conformed to the terms of a certain Agreement of Intent to Sublease ("Agreement of Intent"), which was dated May 31, 2018, and attached to the Listing Agreement. (Compl. ¶ 9; *see* Listing Agreement § 5.)

Plaintiff alleges that Defendant subsequently subleased the Premises to WHG without proper notice and in a manner that did not comply with the terms of the Listing Agreement and Agreement of Intent. (Compl. ¶¶ 10–14.) Plaintiff claims that it is therefore owed a commission for the sublease, amounting to over $ 1 million under the terms of the Listing Agreement, in addition to attorneys' fees and other damages. (*Id.* ¶¶ 15, 16.)

Plaintiff originally filed this suit in the Superior Court of New Jersey, Law Division, Morris County, and Defendant thereafter removed the suit to this Court on March 23, 2021. (D.E. 1.) The Complaint alleges six counts: breach of contract (Count I), breach of the implied duty of good faith and fair dealing (Count II), reasonable value for services provided (Count III), unjust enrichment (Count IV), quantum meruit (Count V), and promise to pay (Count VI). (Compl. ¶¶ 21–60.) Defendant subsequently filed the instant motion to dismiss Plaintiff's non-contract claims (Counts II–VI) and briefing was timely completed. (D.E. 3, 4, 5.)

## II.   LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief" (citation omitted)).

In considering a Motion to Dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quotation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   DISCUSSION

Defendant moves to dismiss Plaintiff's tort and quasi-contract claims on the grounds that they are "redundant and impermissibly duplicative" of Plaintiff's breach of contract claim. (D.E. 3 at 1.) Notably in this case, both parties acknowledge that there existed between them at all relevant times a valid and enforceable contract governing Defendant's alleged conduct. (*See*

Compl. ¶¶ 22, 29, 36, 42, 47, 55; D.E. 5 at 1–2.)  Furthermore, Plaintiff's non-contract claims are based on the same facts and legal duties as Plaintiff's contract claim, including allegations that Defendant breached the Listing Agreement by refusing to pay the commission on a sublease to WHG.  (*Compare* Compl. ¶¶ 21–27, *with* Compl. ¶¶ 28–60.)  Because any claims that Plaintiff may have arise solely from the Listing Agreement, for the reasons discussed below, this Court will dismiss Plaintiff's non-contract claims.

Under New Jersey law,[2] the economic loss doctrine bars tort claims that seek to recover economic damages arising only from a contract between the parties.  *See Turbulent Diffusion Tech. Inc. v. Amec Foster Wheeler N. Am. Corp.*, Civ. No. 15-7105, 2017 WL 1752951, at *2 (D.N.J. May 4, 2017).  Plaintiff's claim for breach of the implied duty of good faith and fair dealing (Count II) is a tort claim, *see Vassallo v. Bank of New York*, Civ. No. 15-3227, 2016 WL 1394436, at *3 (D.N.J. Apr. 8, 2016), and it is based on the same facts and legal duties giving rise to Plaintiff's breach of contract claim.  Where "the two asserted breaches basically rest on the same conduct," there "can be no separate breach of an implied covenant of good faith and fair dealing."  *Wade v. Kessler Inst.*, 172 N.J. 327, 344–45 (2002).  Count II will therefore be dismissed.

Similarly, under New Jersey law, relief is unavailable on quasi-contract claims if an express contract exists concerning "identical subject matter."  *Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.*, 716 F.2d 220, 226–27 (3d Cir. 1983).  "The parties are bound by their agreement, and there is no ground for implying a promise as long as a valid unrescinded contract governs" their rights.  *Id.* at 227 (citations omitted).  Plaintiff's unjust enrichment and quantum meruit claims (Counts IV and V) are quasi-contractual.  *See id.*; *Canadian Nat. Ry. v. Vertis, Inc.*, 811 F. Supp. 2d 1028, 1033 (D.N.J. 2011).  Because these quasi-contract claims arise from the same subject matter as Plaintiff's breach of contract claim, Counts IV and V must be dismissed.  *See Senft v. Fireman's Fund Ins. Co.*, Civ. No. 14-7805, 2015 WL 2235098, at *5 (D.N.J. May 12, 2015) (dismissing quasi-contract claim where complaint alleged a valid contract that governed "the parties' rights and obligations").  Plaintiff's claims for "reasonable value of services provided" and "promise to pay" (Counts III and VI) must also be dismissed for the same reason, as they are indistinguishable from and subsumed by Plaintiff's other quasi-contract claims.[3]

In its opposition brief, Plaintiff argues that pleading in the alternative, as it did in the Complaint, is permitted by the Federal Rules of Civil Procedure.  (*See* D.E. 4 at 4–8); Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").  However, alternatively pled non-contract claims cannot survive a motion to dismiss when a valid and undisputed contract governs the parties' rights.  *See Fintech Consulting v. ClearVision Optical Co.*, Civ. No. 12-4956, 2013 WL 1845850, at *5 (D.N.J. Apr. 30, 2013) (citation omitted); *Ctr. for Special Procs. v. Connecticut Gen. Life Ins. Co.*, Civ. No. 09-6566, 2010 WL 5068164, at *5 (D.N.J. Dec. 6, 2010) (citing *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982)) (other citation omitted).

---

[2] The Listing Agreement specifies that it "shall be governed by the law of the State of New Jersey, without giving effect to principles of conflicts of law."  (Listing Agreement § 13.)

[3] Notably, Plaintiff's opposition brief does not address or dispute Defendant's argument that Counts III and VI are subsumed by Plaintiff's broader quasi-contract claims of quantum meruit and unjust enrichment.

3

Plaintiff's reliance on *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729 (D.N.J. 2008), and *Adie v. Stewart*, Civ. No. 20-6200, 2020 WL 7488897 (D.N.J. Dec. 21, 2020), are unavailing because the parties in each of those cases did not concede that a valid and enforceable contract governed the entirety of their dispute. *See MK Strategies*, 567 F. Supp. 2d at 736; *Adie*, 2020 WL 7488897, at *3 n.5. Because the parties here agree to the validity of the Listing Agreement, and Plaintiff's allegations do not fall outside its scope, this case will proceed only on Plaintiff's breach of contract claim.

### IV. CONCLUSION

For the foregoing reasons, Defendant's partial Motion to Dismiss is **GRANTED**. Counts II–VI of Plaintiff's Complaint are **DISMISSED WITH PREJUDICE**. Plaintiff may pursue its breach of contract claim (Count I) in the normal course. An appropriate order follows.

                                                     /s/ Susan D. Wigenton
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
         Leda D. Wettre, U.S.M.J.